EMMA H. MCCULLY

*v.*

FANNIE ROWLAND and ALDEN M. ROWLAND, her husband.

[Decided November 9th, 1922.]

1. It is enough to warrant setting aside a deed of a woman over ninety years of age for a nominal consideration that it appears that she was incapable of recognizing facts, as indicated by her failure to recall her previous execution of a will devising to another the property involved.

2. The grantee in an unacknowledged deed of a woman ninety years old for a nominal consideration has the burden of showing that the grantor fully appreciated the nature of her act, and had the preliminary benefit of independent advice, and that no undue advantage was taken of her.

On pleadings and proofs.

*Mr. Pierre F. Cook,* for the complainant.

*Mr. Alexander Simpson,* for the defendants.

LEWIS, V. C.

In the latter part of 1920 Martha L. Field, an old lady over ninety years of age, executed a deed to the defendant Fannie Rowland for a property occupied by the grantee and her husband, Alden M. Rowland, for the consideration of one dollar. The deed was not acknowledged. At the time Mrs. Field signed it there was no one present but herself and Mr. and Mrs. Rowland and their daughter. The husband of the grantee was the subscribing witness. He did not explain the contents of the deed to Mrs. Field, nor was it read by her nor to her. It had been prepared by a lawyer at the request of Mrs. Rowland, and taken by her to Mrs. Field for execution at the time Mrs. Field signed it. Immediately after her signature was obtained the deed was taken

away by Mrs. Rowland. The only conversation which occurred at the time of the execution of the deed was, as appears from the testimony of the two defendants and their daughter, a statement by Mrs. Rowland to Mrs. Field that she had brought the paper with her, and Mrs. Field's statement to her that she was glad. No explanation of its contents was made. At that time Mrs. Field was almost totally blind, senile and forgetful. She had entirely forgotten the execution of her will, under which complainant took the property in question, and which is in evidence in the case, dated January 31st, 1918. Mrs. Field was not accorded the benefit of any independent and impartial advice. At the time of the execution of the deed she was an inmate in the "Home for Aged Women," in Orange, where she had been placed after the death of her son-in-law, who had married the complainant after the death of Mrs. Field's daughter, who was his former wife; and with whom Mrs. Field had theretofore resided. The defendants had been tenants in the property in question for many years, but at the low rental of $26 per month. The value of the property, by the undisputed evidence of the real estate expert who testified, was $8,000; and its rental value about $70 per month. The deed recited that the conveyance was made expressly subject to a mortgage of $3,000, which the grantee assumed and agreed to pay off as part of the consideration, but it was shown in evidence that the mortgage had been fully paid and canceled; and Mrs. Rowland, in her testimony, admitted that at the time of the conveyance to her it had been paid off. Mrs. Rowland also admitted paying rent for the property as usual after the execution of the deed up to and including the month of January, 1921; and that Mrs. Field asked her to say nothing about the conveyance to any one; and that she did not consider herself the owner of the property until after Mrs. Field's death. Mrs. Field died February 10th, 1921. Mr. Rowland testified that his wife was not to have the property until Mrs. Field died, and that the execution of the deed was to be kept a secret. The deed was not recorded until June 28th, 1921; it was proved for recording, by the affidavit

of Mr. Rowland as subscribing witness, and his affidavit is dated June 27th, 1921. He attempted to explain his failure to record the instrument earlier by stating that during the interval he was seriously ill, but he admitted on cross-examination that for at least two weeks after the deed was signed he was able to be about the house.

The bill is filed by complainant, Emma H. McCully, to set aside the conveyance by Mrs. Field to the defendant Fannie Rowland, she contending that the conveyance was without consideration, and is ineffective and a nullity, because of the incapacity of the grantor and the undue influence brought to bear upon her by the defendants.

It is significant that under date of March 4th, 1921, the defendant Alden M. Rowland wrote the following letter to the complainant, which was received in evidence:

"Jersey City, 3/4/21.

"*My dear Mrs. E. McCully:*

"When I reached home last evening my wife spoke to me in reference to you having a *will.* I told her you was certainly entitled to the place. How about it if we withdraw the case?

"Sincerely,

"A. M. ROWLAND."

It is evident from the testimony that Mrs. Rowland shared this belief and that she feared she would be doing something wrong in accepting the deed, or get herself in trouble.

I am satisfied from the evidence that Mrs. Field was incapable of recognizing facts, indicated by her failure to recall the previous execution of her will and disposition of the property involved therein. *Hammell* v. *Hyatt, 59 N. J. Eq. 174; Haydock* v. *Haydock's Exrs., 34 N. J. Eq. 570.*

Aside from this point, on which the case might well be rested, there is the further proposition that the obtaining of the execution of the deed by the Rowlands was accomplished in a most suspicious and unusual manner. The deed lacked an acknowledgment, and was in no way explained to Mrs. Field, or its contents made known to her; nor was she given the benefit of independent and impartial advice regarding it.

In *Lyons* v. *Van Riper, 26 N. J. Eq. 337,* the court said: "In dealing with persons in the helpless condition of this old woman, an officer having power to authenticate the execution of deeds is bound to go further than a simple, formal reading of the instrument. The contents are to be made known to the grantor by such means as will enable him to comprehend the nature and effect of his act. It is conspicuously manifest that that was not done in this case. I am satisfied the officer, by a grossly careless performance of his duty, unconsciously aided in the perpetration of a fraud, which he would have frustrated by the exercise of the care and vigilance the law requires him to employ in the discharge of his duties." *Walz* v. *Oser, 93 N. J. Eq. 280; Slack* v. *Rees, 66 N. J. Eq. 447; Post* v. *Hagan, 71 N. J. Eq. 243.*

Under the circumstances attending the conveyance in question the burden was upon the defendant to show that the grantor fully appreciated the nature of her act; that she had the preliminary benefit of independent and impartial advice, and that no undue advantage was taken of her. This they have failed to sustain. *Vass* v. *Warner, 92 N. J. Eq. 294; Walz* v. *Oser, supra.*

I will advise a decree in accordance with the prayer of the bill.